Dear Mr. Anselmi:
We are in receipt of your recent correspondence, requesting we review the legality of a recent vote of the Board of Aldermen of the Town of Golden Meadow which purported to override the Mayor's veto on a budget matter. A mayoral veto may be overridden by a two-thirds vote of those aldermen present and voting at the next regularly scheduled meeting of the board of aldermen. Such was exactly the case herein, as there was in fact a three-to-one vote to override the mayor's veto. Attached hereto is Attorney General Opinion 90-337, which is on point and is included for your reference and file.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: March 5, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 State of Louisiana Department of Justice
William J. Guste, Jr. Baton Rouge Telephone: Attorney General 70804 504-342-7013
 AUGUST 06, 1990 Opinion Number 90-337
Honorable Alvro G. Despaux, Alderman 71 — MUNICIPALITIES Honorable Chris Dufrene, Alderman LSA-R.S. 33:362
Honorable Louis Hatty, Alderman LSA-R.S. 33.405 Honorable Gwen Plaisance, Alderwoman Town of Jean Lafitte In Lawrason Act. municipality may Route 1, Box 1 or has veto power, but council Lafitte, LA 70067 may override veto.
Dear Sirs and Madam:
You have requested an opinion of the Attorney General whether the Mayor of the Town of Jean Lafitte, a Lawrason Act municipality, may exercise the power of veto? If so, may the veto be overridden?
Earlier versions of the Lawrason Act contained an express recognition of the mayoral veto power. See Opinions of the Attorney General, 1942-44, pp. 924-925. The provision was apparently contained in the present LSA-R.S. 33:405A(1), but has been deleted from the present text.
The source for any veto power in the present text must be, if any, LSA-R.S. 33:362B, providing for the executive power of the mayor: "The mayor shall be the chief executive officer of the municipality."
That this grant of executive power includes the power of veto is inferred from the in pari materia interpretation of this provision with that of R.S. 33:405A(3). That provision authorizes a mayor pro tem to be selected by the aldermen, to exercise all powers of the mayor in the mayor's absence, "except the veto power of the mayor." Hence the Lawrason Act in present form recognizes that the executive power of the mayor includes the power to veto.
It is within the inherent legislative power of the board of aldermen to override a veto. "The legislative power of a municipality shall be vested in and exercised by the board of aldermen." R.S. 33:362A(1). A mayoral veto may be
Honorable Alvro G. despaux, Alderman, et al Town of Jean Lafitte Opinion Number 90-337 *Page 2 
overridden by a 2/3 vote of those aldermen present and voting at the next regularly scheduled meeting of the board of aldermen.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _____________________________ CHARLES J. YEAGER Assistant Attorney General
CJY:tm